# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:18-cv-00283-MR-WCM

| | | |
|---|---|---|
| KIM L. HARPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| ROCHELLE HARPER GREENIDGE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on the *pro se* Plaintiff's "Emergency Motion for Temporary Restraining Order" [Doc. 3].

The Plaintiff initiated this action on October 4, 2018 against three of her siblings: Rochelle Harper Greenidge, Sonya G. Thomas, and Beth Harper Rodriguez, asserting various state law claims for breach of contract, breach of fiduciary duty, constructive fraud, gross negligence, unjust enrichment, breach of the implied covenant of good faith and fair dealing, defamation, and intentional infliction of emotional distress. [Doc. 1]. The Plaintiff's claims, while inartfully pled, appear to arise from the Defendants' alleged failure to pay for certain repairs to their deceased father's residence and from the Defendants' actions which the Plaintiff alleges caused her to be

removed as administrator of her father's estate. [Id.]. It does not have appear that the Defendants have yet been served in this action.

The Plaintiff now moves for the entry of a temporary restraining order. Specifically, the Plaintiff moves the Court to enjoin the Buncombe County Clerk of Court and members of his staff as well as the Administrator of the Plaintiff's father's estate from conducting any hearings or other proceedings affecting the administration of her father's estate. [Doc. 3].

The Plaintiff's request for emergency injunctive relief must be denied for at least two reasons. First, the Plaintiff seeks to enjoin individuals who are not parties to this action. As the Supreme Court has stated:

> It is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment in personam in a litigation in which he is not designated as a party or to which he has not been made a party by service of process. A judgment rendered in such circumstances is not entitled to the full faith and credit which the Constitution and statute of the United States prescribe, and judicial action enforcing it against the person or property of the absent party is not that due process which the Fifth and Fourteenth Amendments requires.

Hansberry v. Lee, 311 U.S. 32, 40-41 (1940) (citations omitted). "In other words, in general, a court may not enter orders against nonparties." Haizlip v. Alston, No. 1:14CV770, 2015 WL 8668230, at *1 (M.D.N.C. Dec. 11, 2015)

(quoting in part Kenseth v. Dean Health Plan, Inc., 722 F.3d 869, 890 n.7 (7th Cir. 2013)) (internal quotation marks omitted).

Second, even if these state actors were parties to this proceeding, federal courts as a general rule have no power to enjoin a state court proceeding. Specifically, the Anti-Injunction Act provides that: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Anti-Injunction Act serves as a "necessary concomitant of the Framers' decision to authorize, and Congress' decision to implement, a dual system of federal and state courts." Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 146 (1988). "Notwithstanding the Act's basic purpose of preserving the integrity of state judicial systems, Congress defined three instances in which injunctions are permitted and it now is settled that the Act is 'an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of those three specifically defined exceptions.'" Employers Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1130 (4th Cir. 1995) (quoting Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 286 (1970)). An injunction is therefore permitted only when it is "expressly authorized by statute, necessary to aid the court's jurisdiction,

or required to protect or effectuate the court's judgment to ensure the effectiveness and supremacy of federal law." Employers Res. Mgmt., 65 F.3d at 1130 (citation and internal quotation marks omitted). None of these exceptions is applicable here.

In sum, the Court cannot enjoin persons who are not parties to this action. Moreover, the Court cannot enjoin the proceedings ongoing in the state probate court. For these reasons, the Plaintiff's motion for emergency injunctive relief is denied.

**IT IS, THEREFORE, ORDERED** that the *pro se* Plaintiff's "Emergency Motion for Temporary Restraining Order" [Doc. 3] is **DENIED**.

**IT IS SO ORDERED.**

Signed: December 4, 2018

Martin Reidinger
United States District Judge