# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:18-cv-00283-MR-WCM

| | |
|---|---|
| KIM L. HARPER, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | )  **O R D E R**<br>) |
| ROCHELLE HARPER GREENIDGE, et al., | )<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the Court *sua sponte.*

## I. PROCEDURAL BACKGROUND

The Plaintiff initiated this action on October 4, 2018 against three of her siblings, Rochelle Harper Greenidge, Sonya G. Thomas, and Beth Harper Rodriguez, asserting various state law claims for breach of contract, breach of fiduciary duty, constructive fraud, gross negligence, unjust enrichment, breach of the implied covenant of good faith and fair dealing, defamation, and intentional infliction of emotional distress. [Doc. 1]. The Plaintiff filed an Amended Complaint on December 27, 2018. [Doc. 6]. The Plaintiff's claims, while inartfully pled, appear to arise from the Defendants' alleged failure to pay for certain repairs to the residence that the Plaintiff and

the Defendants inherited from their father ("the residence") and from the Defendants' actions which the Plaintiff alleges caused her to be removed as administrator of her father's estate in a state probate proceeding. [Id.]. The Plaintiff indicates in her Complaint that the newly appointed administrator has taken possession, custody, and control of the residence, and that the Plaintiff has filed an appeal of these proceedings. [Id. at ¶¶ 39, 52]. The Plaintiff also makes repeated references to a lawsuit brought by her in the Buncombe County District Court against the Defendants arising from the Defendants' alleged failure "to honor their commitment" to repair the roof of the residence after their father had died. [Id. at ¶ 42].

The Defendants have now appeared in this action *pro se* and have filed Answers in response to the Amended Complaint. [Docs. 9, 10, 11]. In their Answers, the Defendants all assert, *inter alia*, that the Court lacks subject matter jurisdiction over this action; that the Plaintiff has filed the present action in an attempt to restrain the actions and rulings against the Plaintiff in the state probate and district court proceedings; and that those state courts have already decided issues of fact and law which the Plaintiff is now seeking to litigate impermissibly in this federal forum. [Id.].

## II. STANDARD OF REVIEW

Federal district courts are courts of limited jurisdiction. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). "Thus, when a district court lacks subject matter jurisdiction over an action, the action must be dismissed." Id. The lack of subject matter jurisdiction is an issue that may be raised at any time. See Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III. DISCUSSION

To the extent that the Plaintiff is seeking damages arising from the Defendants' failure to pay for certain repairs to their deceased father's residence, the pleadings before the Court make clear that such claims have already been asserted and are actively being litigated in the state probate and district court proceedings in Buncombe County.

"The rule is well recognized that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." McLaughlin v. United Va. Bank, 955 F.2d 930, 934 (4th Cir. 1992) (quoting McClellan v. Carland, 217 U.S. 268, 282 (1910)). The Supreme Court, however, has indicated that "federal courts may decline

3

to exercise their jurisdiction, in otherwise 'exceptional circumstances,' where denying a federal forum would clearly serve an important countervailing interest." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996) (quoting Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976)).

> Although the decision to dismiss a federal suit because of parallel state-court litigation does not rest on a checklist, six factors have been identified to guide the analysis: (1) whether the subject matter of the litigation involves property where the first court may assume in rem jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights. In the final analysis, abstention is the exception, not the rule, and it may be considered only when the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties.

Great Am. Ins. Co. v. Gross, 468 F.3d 199, 207-08 (4th Cir. 2006) (citations omitted).

A review of these factors supports a decision to abstain from exercising jurisdiction here. The pleadings before the Court indicate that the property at issue is now in possession of the newly appointed administrator. The

4

probate proceedings are ongoing, and the Plaintiff has filed an appeal with the North Carolina Court of Appeals. All the Plaintiff's claims asserted in the present action are governed by North Carolina law. Finally, the ongoing proceedings in the state district court, as well as the appeal of the probate proceedings, appear to be an adequate vehicle for resolving all the issues between the Plaintiff and the Defendants. For these reasons, the Court finds that abstention is proper in this case.

Further, to the extent that the Plaintiff is challenging the decision of the state probate court to remove her as administrator of her deceased father's estate, the Rooker-Feldman doctrine precludes the Court from exercising jurisdiction over such claims. The United States Supreme Court has exclusive jurisdiction over appeals from state-court judgments. See 28 U.S.C. § 1257(a); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). As a corollary to this rule, the Rooker-Feldman doctrine prohibits "a party losing in state court . . . from seeking what in substance would be an appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994). "The Rooker-Feldman doctrine bars lower federal courts from considering not only issues

5

raised and decided in state courts, but also issues that are 'inextricably intertwined' with the issues that are before the state court." Washington v. Wilmore, 407 F.3d 274, 279 (4th Cir. 2005) (quoting Feldman, 460 U.S. at 486). As the Fourth Circuit has explained, "if the state-court loser seeks redress in the federal district court for the injury caused by the state-court decision, his federal claim is, by definition, 'inextricably intertwined' with the state-court decision, and is therefore outside the jurisdiction of the federal district court." Davani v. Va. Dep't of Transp., 434 F.3d 712, 719 (4th Cir. 2006).

The Plaintiff's allegations herein, such as breach of contract, fraud, unjust enrichment, and breach of the implied covenant of good faith, pertain to precisely the same subject matter as the state court and probate court proceedings. Moreover, even the Plaintiff's claim for defamation pertains to the alleged assertion by the Defendants that the Plaintiff has been removed as administrator as the estate, which the Plaintiff appears to concede is true. In sum, this action appears to be a restatement of the disputes these parties are already litigating and have already litigated in a state tribunal, except here these claims appear to be dressed up in slightly different legal language. Over such a case this Court does not have subject matter jurisdiction.

Finally, the Court notes that the Supreme Court has recognized a "probate exception" to the exercise of federal subject matter jurisdiction. "[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." Marshall v. Marshall, 547 U.S. 293, 311-12 (2006). As the Plaintiff's claims appear, at least in part, to challenge the administration of her deceased father's estate, the Court concludes that the "probate exception" also justifies the Court declining to exercising jurisdiction in this matter.

For all these reasons, this action is dismissed without prejudice.

## **O R D E R**

**IT IS, THEREFORE, ORDERED** that this action is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: January 22, 2019

Martin Reidinger
United States District Judge